**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEYED TOFIGH MIR HADIAN, AKA Seyed Mir Hadian, | No. 18-71899 |
| Petitioner, | Agency No. A055-198-601 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2024
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,** District Judge.

Seyed Tofigh Mir Hadian, a native and citizen of Iran, petitions for review of

an order of the Board of Immigration Appeals ("Board") affirming the denial of his

motion to rescind his in absentia removal order and reopen his proceedings. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252(a). We deny in part and dismiss in part the petition for review.

This Court reviews the Board's denial of a motion to reopen for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005). Under that standard, the denial is upheld "unless [the Board] acted arbitrarily, irrationally, or contrary to law." *Id.* (alteration adopted) (quoting reference omitted). Purely legal questions are reviewed de novo, and factual findings are reviewed for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). "A factual finding is 'not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record.'" *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)).

I.

Mr. Hadian argues that the Board erred in concluding that equitable tolling of the deadline to file a motion to reopen and rescind was not warranted. Equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (alteration adopted) (quotation marks and quoting reference omitted), *abrogated on*

2

*other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc). In the context of ineffective assistance of counsel, this Court "recognizes equitable tolling of deadlines . . . on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003).

Mr. Hadian acknowledges that he "knew of the date, time and location of" his February 2011 hearing. A Notice of Hearing and a Notice to Appear were mailed to Mr. Hadian at his home address, both of which informed him of the consequences of failing to appear. A second Notice of Hearing was personally served on Mr. Hadian's attorney, Sean Donrad, at the June 2010 hearing. Mr. Donrad and Mr. Hadian severed their relationship before the February 2011 hearing, and Mr. Hadian did not have new counsel at that time.

Mr. Hadian did not attend the hearing in February 2011. After the hearing date passed, Mr. Hadian did not contact the immigration court to ask about the status of his case. Besides looking for a new attorney, Mr. Hadian did not do anything between February 2011 and November 2011 to "obtain vital information bearing on the existence of [his] claim." *See Socop-Gonzalez*, 272 F.3d at 1193 (quoting reference omitted). That period was well longer than the 180 days he had to file a motion to reopen. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Based on this record, the Board

3

did not abuse its discretion in concluding that Mr. Hadian failed to exercise due diligence and was not entitled to equitable tolling.

Because Mr. Hadian's motion was time-barred, we need not address the Board's determination that exceptional circumstances did not warrant reopening Mr. Hadian's case.[1]

## II.

We lack jurisdiction to review the Board's refusal to sua sponte reopen deportation proceedings except "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We have identified no legal or constitutional error underlying the Board's conclusion that sua sponte reopening is unwarranted. We lack jurisdiction to consider any other challenge to the refusal. *See id.*

\* \* \*

We dismiss the petition for review as to Mr. Hadian's motion to reopen to the extent Mr. Hadian challenges the denial of sua sponte reopening for non-legal error, and we deny the remainder of the petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] Without equitable tolling, Mr. Hadian's alternative argument that his case should be reopened under *Matter of M-S-*, 22 I&N Dec. 349 (B.I.A. 1998) also fails. *See* 8 C.F.R. § 1003.23(b)(1) (setting a 90-day deadline for filing a motion to reopen if the applicant does not seek rescission of an in absentia removal order or fall into another exception listed in 8 C.F.R. § 1003.23(b)(4)).

4